UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JAMES BRETT THOMAS | § | |
| | § | |
| VS. | § | CASE NO. 2:13-CV-00802 |
| | § | (Jury) |
| STEVEN ELVEY JOHNSON, and | § | |
| WERNER ENTERPRISES, INC. | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, James Thomas and files this his First Amended Original Complaint, and in support thereof would respectfully show unto the Court as follows:

1.      Plaintiff James Brett Thomas (Plaintiff) is a resident of Tarrant County, Texas.

2.      Defendant Steven Elvey Johnson, is a resident of Las Vegas, Nevada, and service may be accomplished upon said Defendant at 1504 Arthur Avenue, Las Vegas, Nevada 89101.

3.      Defendant Werner Enterprises, Inc., is a resident of Omaha, Nebraska, and service may be accomplished upon said Defendant via its registered agent William L. Clark at 8601 Peterbilt Avenue, Dallas, Texas 75241.

4.      There exists a diversity of citizenship between the parties properly before the Court, and therefore this Court has jurisdiction over this matter in accordance with 28 U.S.C. §1332.  Plaintiff would further show that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00), exclusive of interest and costs.

5.      Venue is proper under the terms of 28 U.S.C. §1391(b)(2).

---

6.     This lawsuit results from a motor-vehicle collision occurring on or about August 30, 2013, at approximately 6:04 a.m. in Denton County, Texas.  At the time of the collision, Plaintiff was traveling eastbound on State Highway 114.  At that same time, Defendant Steven Elvey Johnson, while in the course and scope of his employment with Defendant Werner Enterprises, Inc., was attempting to merge onto State Highway 114 when Defendant Johnson lost control of the tractor-trailer and collided with Plaintiff.  Plaintiff was forced off the highway and into a ditch where he collided with several trees.  As a result of the collision, Plaintiff has suffered extensive injuries.  The collision made the basis of this lawsuit proximately caused Plaintiff's injuries and damages.

7.     The occurrence made the basis of Plaintiff's lawsuit and the resulting injuries and damages to Plaintiff were proximately caused by Defendant Johnson's acts and/or omissions including, but not limited to, one or more of the following ways:

a.     Failing to yield the right of way;

b.     Failure to keep a proper lookout as a person of ordinary prudence would use under the same or similar circumstances;

c.     Failure to pay the degree of attention a person of ordinary prudence would under the same or similar circumstances;

d.     Failing to take evasive action to avoid the collision at issue, thereby violating Tex. Transp. Code § 545.401(a);

e.     Operating the vehicle in a manner inconsistent with the manner in which an ordinarily prudent person would have operated the vehicle under the same or similar circumstances;

f.     Failing to maintain his vehicle is proper operating condition.

*PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT – PAGE 2*

8.     Each and all of the acts and/or omissions, singularly or in combination with others, constituted negligence and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.  Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

9.     Defendant Johnson was an employee of Defendant Werner Enterprises and was in the course and scope of his employment at the time of the collision.  The negligence of Defendant Johnson is therefore imputed to Defendant Werner.  The negligence of Defendant Werner, both directly and vicariously, was the proximate cause of the collision in question pursuant to the legal doctrine *respondeat superior*.

10.     In the alternative, Defendant Werner Enterprises is responsible for the negligent acts and/or omissions of Defendant Johnson because at the time and place in question, Defendant Johnson was a statutory employee of Defendant Werner Enterprises.

11.     Defendant Werner Enterprises is further responsible for the accident in question by failing to establish and implement proper safety training, as well as a failure to establish policies and procedures necessary to safely maintain vehicles on the roadway.  Such negligence was a proximate cause of the incident in question.

12.     As a direct and proximate result of the occurrence made the basis for this lawsuit, Plaintiff was caused to suffer the following damages:

a.     Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained herein and such charges are reasonable for such services;

     b.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

     c.     Loss of earning capacity in the past;

     d.     Loss of earning capacity in the future;

     e.     Physical pain and suffering in the past;

     f.     Physical pain and suffering in the future;

     g.     Mental anguish in the past;

     h.     Mental anguish in the future;

     k.     Physical impairment in the past; and

     l.     Physical impairment in the future.

13.     Each of these damages was proximately caused by the acts and/or omissions of Defendants and the incident made the basis of this lawsuit.

14.     Plaintiff hereby requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff James Brett Thomas prays that Defendants prays that Defendants be duly cited and commanded to appear by law and answer herein; that on final hearing hereof Plaintiff have judgment against Defendants, together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of Court, and such other an further relief with Plaintiff may show himself to be justly entitled.

Respectfully submitted,

BOYD & BROWN, P.C.

By: _____
PAUL M. BOYD
State Bar No. 02775700
ALEYNA C. DERRICK
State Bar No. 24080855
1215 Pruitt Place
Tyler, Texas 75703
903/526-9000
903/526-9001 (fax)

ATTORNEY FOR PLAINTIFF

*PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT – PAGE 5*