IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SHERRI THOMAS, Individually, as § <br> REPRESENTATIVE OF THE ESTATE § <br> OF JAMES BRETT THOMAS, and as § <br> NEXT FRIEND OF J.C.T., J.A.T., § <br> C.S.T. AND J.P.T., and CASSIDY § <br> THOMAS, Individually, § <br> § <br> v. § <br> § <br> STEVEN ELVEY JOHNSON AND § <br> WERNER ENTERPRISES, INC. § | Civil Action No. 2:13-cv-00802 |

**DEFENDANTS' AMENDED RULE 12(b)(3) MOTION TO DISMISS FOR
IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Defendants WERNER ENTERPRISES, INC. and STEVEN ELVEY JOHNSON ("Defendants") specially appear by and through their attorneys of record, Michael P. Sharp and John C. Lindsey, without waiving any defenses, and pursuant to 28 USC §§ 1391(a), 1406(a), and 1404(a) file this Amended Rule 12(b)(3) Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue.  Specifically, Defendants move the Court as follows:

1.  To dismiss the action pursuant to Rule 12(b)(3) because venue is improper in the Marshall Division of the Eastern District of Texas; or, in the alternative;

2.  To transfer venue to the Sherman Division of the Eastern District of Texas pursuant to Rule 1406(a) or Rule 1404(a) of the Federal Rules of Procedure.

**I.**

**INTRODUCTION**

1.  Plaintiffs are Sherri Thomas, in her individual capacity, as representative of the

Estate of James Brett Thomas, and as Next Friend of her children J.C.T., J.A.T., C.S.T. and J.P.T., and Cassidy Thomas.  Defendants are Werner Enterprises, Inc. ("Werner") and Steven Elvey Johnson.

2. Service upon Defendants was not necessary as Defendants executed Waivers of Service while specifically reserving the right to contest venue.  Plaintiffs sue the Defendants for personal injuries to, and now the wrongful death of, James Brett Thomas.  Plaintiffs' claims arise from a motor vehicle accident involving Steven Elvey Johnson, a driver for Werner Enterprises, Inc.  The accident occurred on August 30, 2013, in Denton County, Texas.  *See Plaintiff's Second Amended Original Petition*, at ¶7 (attached as Exhibit "A").  Plaintiffs allege that Steven Johnson's negligent actions, while in the course and scope of his employment with Defendant Werner, proximately caused the accident resulting in Mr. Thomas' alleged injuries and subsequent death.

3. A defendant has the right to file a motion challenging venue under the provisions of Federal Rule of Civil Procedure 12(b)(3), asking the Court to dismiss the lawsuit or, alternatively, to transfer it to a proper district under 28 U.S.C. §1406(a).  The venue chosen by Plaintiffs in this case is improper, and, therefore, the Court should dismiss the suit or, in the alternative, transfer the suit to the Sherman Division of the Eastern District of Texas.  In addition, transfer is appropriate for the convenience of the parties pursuant to 28 U.S.C. § 1404(a).

4. The accident that serves the basis of this lawsuit occurred at the 5100 block of Highway 114 in Northlake, Denton County, Texas.  *See Copy of the Police Accident Report* (attached as Exhibit "B"); Ex. A, ¶7.  Plaintiffs are all residents of Tarrant County, Texas.  *See*

Ex. A, ¶¶ 1-2. Defendant Steven Elvey Johnson is a resident of Las Vegas, Nevada, and Defendant Werner Enterprises is a resident of Nebraska. *See* Ex. A, ¶¶ 3-4.

5. Plaintiffs have filed this lawsuit in the Marshall Division of the United States District Court for the Eastern District of Texas even though no events related to this suit occurred in the Marshall Division and no parties or known witnesses reside in said division.

## II.

## **RULE 12(b)(3) ARGUMENT**

If an action is filed in an improper judicial district or division, the Court shall dismiss the action upon a timely filed objection or, in the interest of justice, may transfer the case to a district or another division within that district where the action could have been brought. 28 U.S.C. §1406(a).

The Court should dismiss this case because Plaintiffs' claims as alleged in Plaintiffs' Second Amended Original Complaint have no connection to the United States District Court for the Eastern District of Texas, Marshall Division. *See* 28 USC §1391(a)(2); *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998); *Setco Enters. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994).

The only ground alleged by Plaintiff for federal jurisdiction is diversity of citizenship. Therefore, 28 U.S.C. §1391(a), governs choice of venue. Under Section 1391(b), an action may be filed in a district where one or more of the following applies:

(1) Where any defendant resides, if all defendants are residents of the State in which the district is located;

(2) In which a substantial part of the events or omissions giving rise to the claim occurred, or in which a substantial part of the property at issue is situated; or

  (3) In which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

 Venue is not proper in the Marshall Division of the Eastern District of Texas under Section 1391(b)(1) because none of the Defendants reside in the Eastern District of Texas, Marshall Division.

 Venue is not proper in the Marshall Division of the Eastern District of Texas under Section 1391(b)(2) because none of the events or omissions giving rise to the claim occurred in the division and there is no property at issue.

 Furthermore, venue is not proper in the Marshall Division under Section 1391(b)(3) because there is another division in which the action may otherwise be brought, *i.e.*, the Sherman Division of the Eastern District of Texas.

 The accident made the basis of this suit occurred in Denton County, Texas, and all of the events giving rise to this claim occurred in Denton County, Texas, which is in the Sherman Division of the Eastern District of Texas. Therefore, under U.S.C. 1391(a)(2), since the event giving rise to the Plaintiff's cause of action occurred in the Sherman Division of the Eastern District of Texas, venue is proper in the Sherman Division, rather than the Marshall Division.

 28 USC §1406(a) provides that if a case is filed in the wrong district or division, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because venue is improper in the United States District Court for the Eastern District of Texas, Marshall Division, this Court should dismiss the cause, or alternatively, transfer it to the Sherman Division of the United States District Court for the Eastern District of Texas, where venue is proper.

### III.

### TRANSFER IN THE INTEREST OF JUSTICE

28 USC § 1404(a) additionally provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute is intended to save time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another. *In re Radmax, Ltd*., 720 F.3d 285, 288 (5th Cir. 2013). In considering a motion to transfer venue pursuant to 28 USC §1404(a), the Court considers two categories of interests: (1) the "public interests in the fair administration of justice"; and (2) the convenience of the litigants. *See Rich v. Southern Gulf Operators*, 879 F. Supp. 49, 51 (E.D. Tex. 1995).

A motion to transfer venue pursuant to § 1404(a) should be granted if the movant demonstrates that the transferee venue is more convenient, taking into consideration: (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the

application of foreign law". *Radmax*, 720 F.2d at 288, c*iting In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 318–19 (5th Cir. 2008)

Here, at least the following facts support transfer to the Sherman Division of the Eastern District of Texas:

(1)  The accident which forms the basis of this lawsuit occurred in Denton County, Texas, which is located within the Sherman Division. *See* Exs. A and B.

(2)  All of the known evidence related to this accident, save and except an Autopsy Report prepared by the Office of the Medical Examiner for the County of Dallas, is located in Denton County, Texas, which is located within the Sherman Division. *See Affidavit of Michael Sharp*, at ¶6 (attached as Exhibit "C").

(3)  None of the known parties and material witnesses reside in the Marshall Division of the Eastern District of Texas. The officers who investigated the subject accident and all first responders are in Denton County, Texas. Mr. Thomas' disclosed treating physicians after the subject accident were at Harris Methodist Hospital in Fort Worth, Tarrant County, Texas. The fall which immediately precipitated his death occurred in Azle, Tarrant County, Texas. Plaintiffs reside in Tarrant County, Texas; Defendant Johnson is a resident of Las Vegas, Nevada; Defendant Werner has its principal place of business in Omaha, Nebraska; and the Dallas County Medical Examiner is based in Dallas. *See* Ex. A, at ¶¶ 1-4, Ex. C, at ¶7.

(4)  The location of this accident, Denton, is approximately 125 miles closer to Sherman than to Marshall (42 miles and 167 miles, respectively). Plaintiffs

    residence in Tarrant County, Texas is approximately 99 miles closer to Sherman than to Marshall (74 miles and 173 miles, respectively). In connection with the Dallas County Medical Examiner, Dallas is approximately 82 miles closer to Sherman than to Marshall (60 miles and 142 miles, respectively). Las Vegas, Nevada is approximately 146 miles closer to Sherman than to Marshall (1070 miles and 1216 miles, respectively). Omaha, Nebraska is approximately 81 miles closer to Sherman than to Marshall (528 miles and 609 miles, respectively). *See* Ex. C, at ¶8.[1]

(5) The known material witnesses, including Plaintiff's treating physicians, the investigating officer, and the Dallas County Medical Examiner all reside outside of the 100 mile subpoena range of the Marshall Division under Rule 45(b)(2) of the Federal Rules of Civil Procedure. *See* Ex. C, at ¶9.

(6) None of the evidence to be marshaled in this cause can be found in the Marshall Division of the Eastern District of Texas.

The Plaintiff's choice of venue is unrelated to the incident and should not overwhelm the other factors justifying transfer in the interest of justice. *Koh v. Microtek Int' l, Inc.*, 250 F.Supp.3d 627, 636 (E.D. Va. 2003) ("a plaintiff's chosen venue is not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum"). *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996)

---

[1] The Court may also take judicial notice of maps to determine and/or confirm these distances for itself. See, e.g., Hutchings v. MSHC Bonner Street Plaza, LLC, 2012 WL 3150824, *2 (E.D. Tex. Aug. 2, 2012) (taking judicial notice of the distances between Marshall and other Texas cities).

(noting that because the plaintiffs and events at issue had no connection with the chosen forum, plaintiffs' forum choice was "not entitled to great weight").

Plaintiff's filing in the Marshall Division is nothing more than venue shopping.

The fact that the instant lawsuit should be transferred to the Sherman division is apparent by a comparison of this case with the decision of the Fifth Circuit Court of Appeals in the original mandamus proceeding *In re Radmax, Ltd.*, *supra*. In *Radmax*, the Court decided in very similar circumstances that transfer is appropriate in cases such as this one. Briefly, *Radmax* also involved an intra-division transfer motion, in that case seeking transfer from the Marshall Division of the Eastern District of Texas to the Tyler Division. In *Radmax*, the Court of Appeals determined that, of the eight factors set forth above, 5 were neutral and 3 weighed in favor of transfer, and concluded that "Radmax discharged its burden of showing that the Tyler Division is clearly more convenient than the Marshall Division and that transfer is therefore warranted." *Id.*, 720 F.3d at 290. The Court in *Radmax* granted the petition for writ of mandamus, as follows:

> The facts and circumstances of this case are wholly grounded in the transferee forum (the Tyler Division), which is a clearly more convenient venue, and this case has no connection to the Marshall Division. Under *Volkswagen*, a writ of mandamus is therefore compelled.

*Id.*, referring to *Volkswagen II*, *supra*.

Here, there are actually *more* factors favoring transfer. First, the "relative ease of access to sources of proof" favors the Sherman Division, since Sherman is much closer to the sources of proof (Denton and Dallas Counties) than Marshall. The Court of Appeal in *Radmax* emphasized that "the question is *relative* ease of access, not *absolute* ease of access," and determined that the difference, though slight, "weighs in favor of transfer." *Id.*, at 288, *citing*

*Volkswagen II*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous.").

Second, with respect to the "availability of compulsory process to secure the attendance of witnesses," *all* of the likely witnesses in this action reside outside the subpoena powers of this court, and *all* but the Defendants themselves reside *within* the subpoena powers of the Sherman Division. So this factor also weighs in favor of transfer.

Third, with respect to the "cost of attendance for willing witnesses," this factor too favors transfer. The Fifth Circuit, in analyzing this factor, finds the distance involved to be decisive. *See In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 204–05 (5th Cir. 2004) ("[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled"); *Radmax*, 720 F.3d at 289 (even disparate distances less than 100 miles must be taken into consideration).

Fourth, with regard to "the local interest in having localized interests decided at home," this factor also favors transfer. None of the events or parties at issue in this case have anything whatsoever to do with the Marshall division, while the accident at issue and the immediate treatment of Mr. Thomas occurred within the Sherman Division. The Plaintiffs' choice of a forum with no connection whatsoever to the events or parties at issue is entitled to little deference. *Koh v. Microtek Int' l, Inc.*, 250 F.Supp.3d 627, 636 (E.D. Va. 2003) ("a plaintiff's chosen venue is not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum"). *Tranor v.*

*Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996) (noting that because the plaintiffs and events at issue had no connection with the chosen forum, plaintiffs' forum choice was "not entitled to great weight").

Regardless, as stated by the Court in *Radmax*, "it is enough to note that in this case the local interest factor weighs solidly in favor of transfer." *Id*., at 289.

The remaining four factors are all neutral. With respect to practical problems, the only issue would be a short delay associated with the transfer itself, but the Fifth Circuit in *Radmax* emphasized that "[w]e clarify today that garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer". The other three factors, administrative difficulties, familiarity with applicable law, and conflict of law issues are not at issue here.

In summary, *four* factors weigh in favor of transfer, *no* factors weigh in favor of retaining this case in Marshall, and four factors are neutral. Under these circumstances, transfer is required. Although a district court has discretion in connection with transfer motions, the Fifth Circuit on numerous occasions has held that the failure to transfer in a case like this one would be a clear abuse of discretion. *See Radmax*, 720 F.3d at 290; *Volkswagen II*, 545 F.3d 304; *Volkswagen I*, 371 F.3d 201; *In re Horseshoe Entm't*, 337 F.3d 429 (5th Cir. 2003).

Venue is proper in the United States District Court for the Eastern District of Texas, Sherman Division, where the accident took place and the majority of material witnesses reside. Defendants specifically plead that Plaintiff brought this lawsuit—which involves only <u>negligence</u> causes of action—alleging damages from an accident that occurred in the Sherman

Division of the Eastern District of Texas. Therefore, the requested transfer is proper and in the interest of justice. *See, e.g.*, *Purdy v. Munden*, 356 F. Supp. 2d 658, 660 (E.D. Tex. 2005) (transferring negligence case arising from motor vehicle accident that occurred in Northern District of Texas, Dallas Division, from Marshall Division of Eastern District of Texas to Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1404(a) for convenience of parties, investigators and witnesses); *La Day v. City of Lumberton*, 2012 WL 928352, at *3 (E.D. Tex. Mar. 19, 2012) (Gilstrap, J.) (granting motion for intra-district transfer from Marshall Division and stating, "[t]ransfer is appropriate where none of the operative facts occurred in the division [of plaintiff's choice] and where the division had no particular local interest in the outcome of the case").

## IV.

## CONCLUSION

Because Plaintiff improperly filed his suit in the Marshall Division of the Eastern District of Texas, the Court should dismiss Plaintiff's suit by way of its authority under FED. R. CIV. P. 12(b)(3). Alternatively, this Court should transfer the suit to the Sherman Division of the Eastern District of Texas, according to the provisions of 28 USC §1406(a) or in the interest of justice as articulated in 28 USC §1404(a).

Respectfully submitted,

/s/ Michael P. Sharp

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**JOHN C. LINDSEY**
State Bar No. 24065629
jlindsey@feesmith.com
Fee, Smith, Sharp & Vitullo, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas  75240
(972) 934-9100
(972) 934-9200 [FAX]

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF CONFERENCE

Counsel for movant and counsel for respondent have personally conducted a conference on April 11, 2014 in compliance with Local Rule CV-7(h).  There was a substantive discussion of every item presented to the Court in this motion and despite best efforts the counsel have not been able to resolve those matters presented and this motion is opposed.

/s/ Michael P. Sharp

**MICHAEL P. SHARP**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11TH day of April, 2014 using the electronic case filing system of the Court, the electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Paul M. Boyd
Aleyna C. Derrick
BOYD & BROWN, P.C.
1215 Pruitt Place
Tyler, Texas 75703

David E. Dobbs
DOBBS & TITTLE, P.C.
3311 Woods Boulevard
Tyler, Texas 75707

/s/ Michael P. Sharp
_____
**MICHAEL P. SHARP**