IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SHERRI THOMAS, INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATE OF JAMES BRETT THOMAS, AND AS NEXT FRIEND OF J.C.T., J.A.T., C.S.T. AND J.P.T., AND CASSIDY THOMAS, INDIVIDUALLY, <br><br> *Plaintiffs*, <br><br> v. <br><br> STEVEN ELVEY JOHNSON AND WERNER ENTERPRISES, INC., <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § CASE NO. 2:13-cv-00802-JRG |

## ORDER

Before the Court is Defendants Werner Enterprises, Inc. and Steven Elvey Johnson's (collectively, "Defendants") Amended Rule 12(b)(3) Motion to Dismiss for Improper Venue or In the Alternative, Motion to Transfer Venue. (*See* Dkt. No. 23.) Having considered the parties' written submissions, the Court **GRANTS** Defendants' alternative motion to transfer venue, and **DENIES-AS-MOOT** Defendants' motion to dismiss for improper venue.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

Upon a motion to transfer venue, the movant has the burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen of Am., Inc.*, 545

F.3d 304, 315 (5th Cir. 2008) ("*In re Volkswagen II*").  In this regard, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case.  *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").  The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *In re Volkswagen I*, 371 F.3d at 203.  The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *In re Volkswagen I*, 371 F.3d at 203.  Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive.  *In re Volkswagen II*, 545 F.3d at 314-15.

      Here, Defendants seek to transfer the case to the Sherman Division of the Eastern District of Texas.  Having weighed the balance of public and private interest factors identified above, the Court finds that Defendants have met their burden to show that the transferee venue is clearly more convenient for the parties and witnesses and in the interest of justice.  *See In re Volkswagen II*, 545 F.3d at 315.  Accordingly, the Court hereby **GRANTS** Defendants' Motion to Transfer Venue.  (Dkt. No. 23.)   In light of the granted change of venue, the Court **DENIES-AS-MOOT** Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(3) for improper venue.

      It is therefore **ORDERED** that the above-styled cause of action is hereby transferred to the **United States District Court for the Eastern District of Texas, Sherman Division**.  The Clerk

of the Court shall forthwith take such steps as are needed to effectuate the transfer.

**So Ordered and Signed on this**

**May 13, 2014**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE